# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1540 | **DATE** | May 27, 2008 |
| **CASE TITLE** |  | Reginald Brewer (#2007-0062617) vs. Sheriff of Cook County, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as untimely. Failure to show cause within thirty days of the date of this order will result in summary dismissal of this action on preliminary review pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A.

■ [**For further details see text below.**]            Docketing to mail notices.

## STATEMENT

      Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the Cook County Sheriff, Cermak Health Services, and the City of Chicago Department of Health, violated Plaintiff's constitutional rights by subjecting him to an illegal search and seizure. More specifically, Plaintiff alleges that when he was incarcerated at the jail in 1998, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis. [Plaintiff has evidently "opted out" of a recently-resolved class action relating to the same issues. *See Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.).]

      Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court **(CONTINUED)**

mjm

**STATEMENT (continued)**

each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff wherever he may be transferred.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Here, even accepting the plaintiff's factual allegations as true, the Court questions whether Plaintiff has an actionable claim.  Any cause of action would appear to be time-barred.

The statute of limitations for Section 1983 actions filed in Illinois is two years.  *See* 735 ILCS § 5/13-202 (2006); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).  Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).  In this case, Plaintiff is suing over a procedure that took place in 1998, some ten years ago.

For the foregoing reasons, Plaintiff is ordered to show good cause in writing why the suit should not be summarily dismissed on preliminary review as time-barred.  Failure to show cause within thirty days will result in summary dismissal of this action.